IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 11-00380 JMS (03) |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE), ECF NO. 372 |
| vs. | |
| TODD MITSUYOSHI, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE), ECF NO. 372**

## I. INTRODUCTION

Defendant Todd Mitsuyoshi ("Defendant") moves for compassionate release from Safford Federal Correctional Institution ("FCI Safford"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 372. He argues that a reduction in his sentence is warranted on the basis of (1) the length of his 240-month sentence, which is disproportionately long compared to the sentence he would receive if sentenced today; (2) his numerous medical conditions; and (3) his rehabilitation efforts. *See id.* at PageID ## 1829–40, 1843–45. For the reasons stated below, the Motion is GRANTED. The court ORDERS that Defendant's sentence be reduced to time served plus seven days.

## II.  BACKGROUND

Defendant is 55 years old and is currently incarcerated at FCI Safford with a projected release date of July 17, 2028.  *See* https://www.bop.gov/ inmateloc/ (last visited March 16, 2022).  To date, Defendant has served approximately 129 months in custody.  *See* Presentence Investigation Report ("PSR") ¶ 2, ECF No. 261 at PageID # 812 (noting that defendant has been in custody since June 6, 2011, the date of his arrest); *see id.* at PageID # 808 (same).

On March 2, 2012, Defendant pled guilty pursuant to a plea agreement to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *See* ECF No. 188; ECF No. 189 at PageID ## 511–12; *see also* PSR, ECF No. 261 at PageID ## 808, 812.  On June 25, 2012, after the government filed a special information pursuant to 21 U.S.C. § 851, Defendant was sentenced to a mandatory-minimum term of 240 months imprisonment.  *See* ECF No. 252 at PageID ## 784–85.  The mandatory-minimum sentence was increased from 10 years to 20 years (the 240 months) due to Defendant's prior state-court conviction qualifying as a "felony drug offense."[1]  That term of

---

[1] Before enactment of the First Step Act of 2018 ("FSA"), defendants convicted under 21 U.S.C. § 841(a) & 841(b)(1)(A) and having a prior conviction for a "felony drug offense" were subject to a mandatory minimum of 20 years imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(A)

(continued . . . )

imprisonment is to be followed by ten years of supervised release.  *Id.* at PageID # 786.

On March 2, 2021, Defendant submitted a request for compassionate release to FCI Safford's warden.  ECF No. 372-2.  Defendant did not receive a response.  *See* ECF No. 372 at PageID # 1829.  On January 14, 2022, more than thirty days after he submitted his request to the warden, Defendant filed the instant Motion to Reduce Sentence.  ECF No. 372.  The government filed its Opposition on January 28, 2022.  ECF No. 376.

The parties agree that due to changes in sentencing laws caused by the FSA, there is a disparity between the sentence Defendant received in 2012 and the sentence he would receive if sentenced today.  The parties disagree, however, as to whether such intervening, nonretroactive changes in sentencing laws can be grounds for compassionate release.  *Compare* ECF No. 372 at PageID ## 1819–22, *with* ECF No. 376 at PageID # 1966.  Based on a circuit split on this issue, the court held a status conference on February 11, 2022 and directed the parties to search for appeals pending before the Ninth Circuit concerning whether a district court may consider the FSA's nonretroactive amendments to a defendant's mandatory minimum on an individualized basis when determining whether

---

(2010 ed.), 851; *see also* ECF No. 112 (government filing a special information as to Defendant's prior drug conviction, in an effort to seek an enhanced minimum pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851); PSR ¶¶ 35, 59–61, ECF No. 261 at PageID ## 820, 825.

extraordinary and compelling reasons exist to reduce the defendant's sentence.  *See*

ECF No. 378.  Defendant and the government filed simultaneous responses on

February 22, 2022, ECF Nos. 379 and 381, respectively.

The court decides the Motion without a further hearing pursuant to

Local Rule 7.1(c).

### III.  DISCUSSION

**A.      Legal Standard**

Defendant moves for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), as amended by the FSA, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment . . . after considering the factors set
> forth in [18 U.S.C.] section 3553(a) to the extent that
> they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant
> such a reduction;
> . . . .
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission[.]

Accordingly, the court may reduce Defendant's sentence if

(1) Defendant has exhausted the required administrative remedies; (2) the court

finds there are "extraordinary and compelling reasons" warranting a sentence

reduction; and (3) the court considers the § 3553(a) factors, to the extent they are

applicable, and determines that the reduction is warranted under the circumstances.

*See United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021).

Although the text of § 3582(c)(1)(A) also requires a sentence

reduction to be "consistent with applicable policy statements issued by the United

States Sentencing Commission," that requirement does not apply to this case, as

there is currently no policy from the Sentencing Commission that is "applicable" to

compassionate-release motions filed by a defendant rather than the Bureau of

Prisons ("BOP") Director.  *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th

Cir. 2021).  Specifically, the Sentencing Commission's policy statement, United

States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the

FSA provided criminal defendants the ability to file motions for compassionate

release on their own behalf.  *See Aruda*, 993 F.3d at 800.  And, without a quorum,

the Sentencing Commission has been unable to amend the Guidelines post-FSA.

*Id.* at 800 n.1.  This court is thus empowered to consider any extraordinary and

compelling reason that warrants a sentence reduction.  *See id.* at 801–02.  In

making this determination, "[t]he Sentencing Commission's statements in

[§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions

filed by a defendant, but they are not binding."  *Aruda*, 993 F.3d at 802.

**B.      Exhaustion of Administrative Remedies**

Defendant submitted a request for compassionate release to FCI

Safford's warden on March 2, 2021.  ECF No. 372-2.  In that request, Defendant

asserted multiple bases for compassionate release.  *See id.* at PageID ## 1859–60.

Two of those bases are (1) that he is serving a 20-year mandatory-minimum

sentence that "was changed under the 'first step act' to 15-years, but . . . was not

made retroactive"; and (2) his rehabilitation efforts, including "95 months of

UNICOR employment" and "a good prison conduct record."  *Id.*  More than thirty

days after he submitted his request—and having not received a response from the

warden—Defendant filed the instant Motion.  *See* ECF No. 372 at PageID

## 1828–29.  Defendant has thus exhausted his administrative remedies as to those

two bases.  *See United States v. Burdette*, 2020 WL 6375535, at *2 (E.D. Mich.

Oct. 30, 2020) ("In order to fulfill the exhaustion requirement, Defendant's request

to the BOP must explain the basis for his release."); *see also* 28 C.F.R.

§ 571.61(a)(1) (an inmate's compassionate-release request to BOP must contain

"[t]he extraordinary or compelling circumstances that the inmate believes warrant

consideration").

**C.      Extraordinary and Compelling Reasons Warrant Reduction of
         Defendant's Sentence**

Defendant bears the burden to establish extraordinary and compelling

reasons warranting compassionate release.  *See, e.g., United States v. Bogema*,

2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020) (citations omitted).  As

explained above, Defendant asserts there are "extraordinary and compelling

reasons" justifying compassionate release because of the disparity between the

sentence he received in 2012 and the sentence he would receive if sentenced today,

and also because of his rehabilitation efforts while incarcerated.  *See* ECF No. 372-

2 at PageID ## 1859–60.

　　　　　First, Defendant argues that, if sentenced today, he would be subject

to a mandatory minimum of only 120 months and a guideline range of 130 to 162

months, instead of a 240-month mandatory minimum.[2]  *See* ECF No. 372 at

PageID ## 1827, 1830–31.  The government agrees.  *See* ECF No. 376 at PageID

# 1966 (admitting that "the 130–162 months guideline sentencing range . . . applies

today").  This disparity flows from the FSA's amendments to the mandatory-

minimum provision in 21 U.S.C. § 841(b)(l)(A).  Before the FSA's amendments in

2018, a mandatory-minimum sentence of 20 years imprisonment applied to any

conviction under §§ 841(a) & 841(b)(1)(A) based on the filing of a § 851

---

[2] Defendant also asserts he would be eligible for an additional "two-level guideline reduction under USSG § 2D1.1(b)(18)" based on his alleged "safety valve eligib[ility]," ECF No. 372 at PageID # 1827.  But the court finds it unnecessary to reach that issue—i.e., whether Defendant would be safety-valve eligible if sentenced today—because the disparity between the 240-month sentence Defendant received in 2012, and the 130–162 month guideline range (with a 120-month mandatory minimum) that the court considers today, is sufficient to warrant a reduced sentence in combination with Defendant's rehabilitation efforts.  More specifically, as discussed below, Defendant's sentencing disparity and rehabilitation efforts together constitute an extraordinary and compelling reason justifying a reduction in Defendant's sentence.

information setting forth a prior conviction for a "felony drug offense."[3]  21 U.S.C. § 841(b)(1)(A) (2010 ed.).  Defendant was subjected to that mandatory minimum because the government filed a § 851 special information setting forth his prior conviction under Hawaii Revised Statutes ("HRS") § 712-1243(2) for Promoting a Dangerous Drug in the Third Degree, a class C felony carrying a maximum sentence of five years, HRS § 706-660(1)(b).[4]  *See* ECF No. 112; PSR ¶¶ 35, 59–61, ECF No. 261 at PageID ## 820, 825.

And the parties agree that, if sentenced today, Defendant would fall out of § 841(b)(1)(A)'s amended mandatory-minimum provision.  That is, Defendant's conviction under HRS § 712-1243(2) does not qualify as a "serious drug felony,"[5] as required by the FSA to increase a mandatory-minimum sentence.  *Compare* ECF No. 372 at PageID # 1830 (citing PSR ¶ 61, ECF No. 261 at PageID

---

[3] "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (2009 ed.).

[4] The special information set forth Defendant's conviction in *State of Hawaii v. Mitsuyoshi*, Cr. No. 03-1-0585(3), as the previous felony drug offense.  ECF No. 112.  That conviction was based on Defendant's possession of a plastic packet containing 0.72 grams of methamphetamine.  *See id.*; PSR ¶ 35, ECF No. 261 at PageID # 820.  The parties agree that the government's special information incorrectly classified that conviction as a second degree felony under Hawaii state law, when it was actually a third degree felony.  *Compare* ECF No. 372 at PageID # 1818 n.1, *with* ECF No. 376 at PageID # 1960.

[5] "The term 'serious drug felony' means an offense described in section 924(e)(2) of Title 18 for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57).

# 825), *with* ECF No. 376 at PageID # 1965 ("[Defendant's] guideline

imprisonment range at the time of sentencing would have been 151 months to 188

months . . . .").

Further, in November 2014, the United States Sentencing Commission

retroactively reduced the base offense level for Defendant's underlying criminal

offense by two points.  *See* U.S.S.G. Amendment 782; U.S.S.G. § 2D1.1(c)(4); *see*

*also United States v. Holder*, 981 F.3d 647, 651 (8th Cir. 2020) ("Amendment 782

modified the determination of a defendant's advisory guidelines range to reflect the

Fair Sentencing Act's amendment of the minimum statutory penalties.").

Although Defendant did not benefit from that two-level reduction due to his 240-

month mandatory-minimum sentence being higher than the otherwise applicable

guideline range, *see* U.S.S.G. § 1B1.10(a)(2)(B), that two-level reduction would

reduce the applicable guideline range to 130 to 162 months if sentenced today,

because Defendant would be subject to a mandatory-minimum sentence of 120

months,[6] *see* 21 U.S.C. § 841(b)(l)(A), not 240 months.  *Cf. United States v. Sykes*,

658 F.3d 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines

cannot reduce a sentence below the statutory minimum term.").

---

[6] Again, the court finds it unnecessary to consider whether Defendant is safety-valve eligible and is thus excepted from a 120-month mandatory minimum and entitled to an additional reduction in guideline range.  *See supra* footnote 2.

In sum, if sentenced today, Defendant would be subject to a mandatory minimum of 120 months and a guideline range of 130 to 162 months— he would no longer be subject to a mandatory minimum sentence of 240 months. *See* ECF No. 376 at PageID # 1804 (government stating that Defendant has served 127 months, "the guidelines sentencing range of 151–188 months that would have been the applicable range in 2012 had no [mandatory minimum applied] and . . . even less than the 130–162 months guideline sentencing range that applies today").

But there is a split among courts of appeals as to whether a sentencing disparity created by a nonretroactive change to a mandatory sentencing scheme can constitute an "extraordinary and compelling reason" to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[7]  Four courts of appeals say no.  *See United States v. Crandall*, 25 F.4th 582, 585 (8th Cir. 2022); *United States v. Andrews*, 12 F.4th 255, 261–62 (3d Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442, 444–45 (6th Cir. 2021).  Three courts of appeals say yes.  *See United States v. Ruvalcaba*, 26 F.4th 14, 24–28 (1st

---

[7] Section 401 of the FSA, which reduced the mandatory minimums for convictions under 21 U.S.C. § 841, does not apply retroactively to all defendants.  The FSA specifically states that the amendments in section 401 apply only to "any offense that was committed before the date of enactment of this Act [Dec. 21, 2018], if a sentence for the offense has not been imposed as of [Dec. 21, 2018]."  *See also United States v. Wilkerson*, 495 F. Supp. 3d 1232, 1267 (D.N.M. 2020) ("Section 404 is the only [FSA] provision that applies retroactively to already sentenced defendants," and that provision concerns "revised statutory penalties for crack cocaine offenses." (citing FSA, Pub. L. No. 115-391, § 404, 132 Stat. 5194)).

Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 285–87 (4th Cir. 2020); *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). And two of the "yes" courts—the First Circuit and the Tenth Circuit—clarified that sentencing disparities resulting from nonretroactive changes to sentencing laws must be "in combination" with other facts in order to constitute an extraordinary and compelling reason for early release. *See McGee*, 992 F.3d at 1048; *Ruvalcaba*, 26 F.4th at 24, 28. The Ninth Circuit has yet to rule on this issue.[8]

In a prior case, "[t]his court adopt[ed] the view that non-retroactive changes in [sentencing] law regarding 'career offender' designations can constitute extraordinary and compelling reasons to reduce sentences under § 3582(c)(1)(A) when considered on an individual basis." *United States v. Kanohokula*, 2021 WL 5411211, at *5–6 (D. Haw. Nov. 18, 2021) (citing, in footnote 5, *McCoy*, 981 F.3d at 285). The court later extended that holding to changes in sentencing law caused by the FSA's amendment of mandatory-minimum sentences under § 841(b), wherein the trigger for a longer mandatory-minimum sentence was heightened from a prior "felony drug offense" to a prior "serious drug felony." *See United*

---

[8] After searching the Ninth Circuit's dockets for relevant appeals, and after considering the parties' search results of the same, *see* ECF Nos. 379 and 381, there does not appear to be any decision forthcoming from the Ninth Circuit in the near future. The court must therefore make its own determination of the issue that has divided the circuit courts.

*States v. Lii*, 528 F. Supp. 3d 1153, 1161–65 (D. Haw. 2021). The court affirms its holding in *Lii*.

Applying those holdings, the court concludes that the sentencing disparity in this case—the 120-month mandatory minimum (and the 130 to 162 month guideline range) that would be considered today and the 240-month sentence that was imposed in 2012—is sufficient in combination with Defendant's rehabilitation efforts to constitute an extraordinary and compelling reason justifying compassionate release. That is, the intervening changes from the FSA have created a "gross disparity" in sentencing in this case such that, when that gross disparity is considered alongside Defendant's rehabilitation, compassionate release is justified. *See Kanohokula*, 2021 WL 5411211, at *5–7 (holding that a 71-month sentencing disparity and defendant's rehabilitation efforts justified compassionate release); *United States v. Lawrence*, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (holding that a disparity in guideline ranges—57–71 months versus 130–162 months—and defendant's medical condition justified compassionate release); *cf. United States v. Gomez*, 2021 WL 1240621, at *6–8 (D. Haw. Apr. 2, 2021) (holding that a sentencing disparity of 10 months and defendant's medical conditions did not justify compassionate release), *aff'd*, 2022 WL 543080, at *1 (9th Cir. Feb. 23, 2022) (mem.).

With respect to Defendant's rehabilitation, courts may consider a defendant's rehabilitation efforts during incarceration when determining whether there are extraordinary and compelling reasons justifying compassionate release. *See Kanohokula*, 2021 WL 5411211, at *6–7; 28 U.S.C. § 994(t) ("Rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." (emphasis added)); *see also Aruda*, 993 F.3d at 801–02.

Defendant argues that his "significant and sustained rehabilitation" "prison record" supports compassionate release. ECF No. 372 at PageID ## 1843–44. He has been enrolled in numerous educational and rehabilitative classes on a variety of subjects since being incarcerated. *See* ECF No. 372-4 (providing a list of courses stretching from July 2011 until December 2021). He has also demonstrated responsibility through his 106-month employment in the UNICOR program, *see* ECF No. 372 at PageID # 1843, "a self-sustaining government corporation that provides employment and job training to BOP inmates while producing marketable goods and services," *United States v. Lemoine*, 546 F.3d 1042, 1047 n.3 (9th Cir. 2008). And his disciplinary record is minimal: a 2010 infraction for pilfering peanut butter, and a 2012 infraction for smuggling extra spending money into FCI Safford through books. *See* ECF No. 372-5 at PageID # 1866; ECF No. 372 at PageID # 1844.

13

In sum, weighing both Defendant's sentencing disparity and rehabilitation, there are "extraordinary and compelling reasons" warranting compassionate release.  Because the court holds that Defendant has demonstrated extraordinary and compelling reasons justifying a reduction of his sentence, the court now determines whether the section 3553(a) factors are consistent with a sentencing reduction.  *See Keller*, 2 F.4th at 1283–84.

## D.    Section 3553(a) Factors

As relevant to this case, the § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"[9] (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(1)–(2), (6).  And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater

---

[9] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

than necessary, to comply with the purposes set forth" in § 3553(a)(2). *Id.* § 3553(a).

Defendant does not have a history of violence—he has not been convicted of any violent crimes, *see* ECF No. 372-2, and his incarceration record is completely free of violent behavior, *see* ECF No. 372-5. Defendant has also made significant efforts and demonstrable progress toward rehabilitation, including completing educational classes and maintaining work positions, as discussed above. Those rehabilitation efforts add onto the vocational potential that preexisted Defendant's incarceration—he is a high school graduate, *see* ECF No. 372-4 at PageID # 1864, and previously obtained a specialized license to work as a commercial driver, *see* ECF No. 372 at PageID # 1843.

Regarding the underlying offense, it is certainly concerning that Defendant was an ounce distributor of methamphetamine. *See* PSR ¶¶ 14, 19, ECF No. 261 at PageID ## 814–16. But this places him—in the court's experience—as a mid-level distributor, at worst. Thus, considering that Defendant was not a large-scale drug trafficker, and also considering the intervening changes to the mandatory-minimum provision and the fact that Defendant has served a substantial portion of his sentence—more than 129 months, *see* PSR ¶ 2, ECF No. 261 at PageID # 812—the court concludes that reducing Defendant's sentence to time served plus seven days is appropriate in view of the § 3553(a) factors and the

15

parsimony clause.[10]  For all the reasons discussed above, a reduction of

Defendant's sentence to time served plus seven days is sufficient to achieve the

goals of sentencing under § 3553(a)(2).

## IV.  CONCLUSION

Defendant's Motion to Reduce Sentence Under the First Step Act

(Compassionate Release), ECF No. 372, is GRANTED.  It is further ordered that:

1.     Defendant's sentence of incarceration is reduced to time served plus

seven days; and

2.     Upon release from custody, Defendant shall commence serving his

ten-year term of supervised release as previously imposed; and shall abide by all

mandatory, standard, and special conditions as approved and ordered by the court

on March 16, 2022, ECF No. 392.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 17, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Mitsuyoshi*, Cr. No. 11-00380 JMS (03), Order Granting Defendant's Motion to Reduce
Sentence (Compassionate Release), ECF No. 372

---

[10] The parsimony clause, 18 U.S.C. § 3553(a), requires the court to "impose a sentence
sufficient, but not greater than necessary, to comply with the purposes set forth in [the
§ 3553(a)(2) factors]."